# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ERLINDA T. DOMINADO,<br>　　　　　　Appellant, | DOCKET NUMBER<br>SF-0831-15-0490-I-1 |
| v. | |
| OFFICE OF PERSONNEL<br>　MANAGEMENT,<br>　　　　　　Agency. | DATE: September 14, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Rodelio V. Mendoza, Calabanga, Camarines Sur, Philippines, for the
　appellant.

Cynthia Reinhold, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1　　　The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2        The record reflects that, on an unknown date between June 30, 2014, and March 2, 2015, the appellant submitted an application for death benefits under the Civil Service Retirement System (CSRS) on the basis of the Federal service of her deceased spouse.[2] Initial Appeal File (IAF), Tab 1 at 8-11, Tab 3 at 12, Tab 8 at 5-12. As of April 15, 2015, the Office of Personnel Management (OPM) had not issued an initial or final decision on the appellant's application, and she filed a Board appeal. IAF, Tab 1. The appellant did not request a hearing. *Id.* at 2. The administrative judge advised the appellant that the Board may not have jurisdiction over her appeal because the Board's jurisdiction over CSRS retirement matters does not vest until after OPM has issued a final decision. IAF, Tab 2. The order further explained that, notwithstanding the lack of a final decision by OPM, the Board may find jurisdiction if OPM refuses or improperly fails to issue a final decision. IAF, Tab 2 at 2 (citing *Okello v. Office of*

---

[2] The signature page of the application is dated June 30, 2014. IAF, Tab 3 at 12, Tab 8 at 9. The copy of the application submitted by the appellant with her initial appeal is dated March 2, 2015, but it is not signed. IAF, Tab 1 at 11.

*Personnel Management*, 120 M.S.P.R. 498, ¶ 14 (2014)). In response, the appellant submitted documentation appearing to show that she sent emails to various OPM employees on March 2, 3, 5, 6, and 8, 2015, demanding a decision on her application for death benefits. IAF, Tab 3 at 6-10. OPM moved to dismiss the appeal for lack of jurisdiction because it had not issued a final decision. IAF, Tab 8 at 4. Without holding a hearing, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 9, Initial Decision (ID). The appellant has filed a petition for review, OPM has responded in opposition to the petition for review, and the appellant has replied to OPM's opposition. Petition for Review (PFR) File, Tabs 1, 4-5.

¶3        The appellant has the burden of proving jurisdiction over her appeal. *See Reid v. Office of Personnel Management*, 120 M.S.P.R. 83, ¶ 6 (2013). The Board generally lacks jurisdiction to hear an appeal of a retirement matter before OPM has issued a final decision on the matter and, accordingly, will dismiss the appeal. *See Ramirez v. Office of Personnel Management*, 114 M.S.P.R. 511, ¶ 7 (2010). The Board has recognized an exception to that general rule, however, when OPM has failed to render a decision. *Id.* The Board therefore will take jurisdiction, even absent an OPM final decision, when the appellant has repeatedly requested such a decision and the evidence indicates that OPM does not intend to issue a final decision. *Id.*

¶4        The administrative judge determined here, however, that this is not such a case. ID at 3. Specifically, she explained that OPM's delay was less than 1 year and, although the appellant made repeated requests for OPM to process her application, these requests were made in quick succession within 1 week and the appeal was filed shortly thereafter. *Id.* By contrast, in *Okello*, the case went on for more than 6 years and, during that period, OPM issued at least one initial decision and one final decision that it rescinded, and there were multiple Board appeals in which OPM claimed it would issue a final decision, but then ultimately failed to act. *Id.* (citing *Okello*, 120 M.S.P.R. 498, ¶¶ 4-11, 15-16). Thus, the

administrative judge here concluded that there was "no evidence to suggest that OPM has abdicated its role" as to warrant a finding of Board jurisdiction in the absence of a final OPM decision. ID at 3.

¶5    On review, the appellant generally recites the law applicable to the Board's jurisdiction over retirement matters, provides the entire text of 5 C.F.R. § 831.112 setting forth the definitions of "employee" for the purposes of retirement determinations, and generally discusses incorrect retirement advice given by Federal agencies. PFR File, Tab 1 at 5-6. Although the appellant discusses the law applicable to incorrect retirement advice, she does not allege that she has, in fact, been given any incorrect retirement advice, nor does she explain the relevance of her claims to this appeal. *See id.* The remainder of the appellant's petition for review likewise fails to identify any error in the initial decision. Nevertheless, we have considered the appellant's assertions and find that they do not warrant a basis to disturb the initial decision.

¶6    At the earliest, the appellant submitted her application to OPM on or about June 30, 2014, and she initiated this appeal less than 10 months later, in April 2015. The Board has previously found that a 16-month delay by OPM in processing a retirement matter did not amount to a constructive denial of a final decision. *See McNeese v. Office of Personnel Management*, 61 M.S.P.R. 70, 74, *aff'd*, 40 F.3d 1250 (Fed. Cir. 1994) (Table). As such, the even shorter delay here—a maximum of 10 months—does not amount to a constructive denial. Moreover, the appellant has failed to submit any evidence to suggest that OPM does not intend to issue an initial or final decision on her application for death benefits. Accordingly, we find that the administrative judge correctly determined that there is no basis for the Board to assert jurisdiction over this appeal at this time. The appellant may appeal the substantive merits of her case to the Board once OPM issues a final decision.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States court of appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal court.  The Merit Systems Protection Board neither endorses the services

provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.